IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang

Criminal Action No. 23-cr-00445-NYW-1

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    DEANGELO KENTRIS,

    Defendant.

## ORDER ON MOTION TO DISMISS

Defendant DeAngelo Kentris ("Defendant" or "Mr. Kentris") was charged via Indictment with one count of possession of a firearm or ammunition by a prohibited person in violation of 18 U.S.C. § 922(g)(1). *See* [Doc. 1]. He now moves to dismiss the Indictment on the basis that the charging statute violates his Second Amendment rights. *See* [Doc. 25 (the "Motion" or "Motion to Dismiss"), filed December 6, 2024]. The Government opposes Defendant's Motion. *See* [Doc. 27]. Defendant did not file a reply brief or seek leave of Court to do so, and neither Party requested a hearing on the Motion to Dismiss. The Court took the Motion under advisement on December 30, 2024. *See* [Doc. 30]. For the reasons set forth in this Order, the Motion to Dismiss is respectfully **DENIED**.

## ANALYSIS

Under 18 U.S.C. § 922, it is unlawful "for any person . . . who has been convicted in any court of[] a crime punishable by imprisonment for a term exceeding one year . . .

[to] possess . . . any firearm or ammunition." 28 U.S.C. § 922(g)(1). Mr. Kentris argues that § 922(g)(1) is unconstitutional both facially and as applied to him. *See* [Doc. 25 at 12–14]. His argument is based on two recent decisions from the Supreme Court of the United States: *N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), and *United States v. Rahimi*, 602 U.S. 680 (2024). [Doc. 25 at 2–7, 10–12]. Mr. Kentris contends that there is no binding precedent that addresses the constitutionality of § 922(g)(1) within the context of *Bruen* and *Rahimi*. [*Id.* at 7–10].

This Court and other district courts in this Circuit have concluded that arguments like Defendant's are foreclosed by *United States v. McCane*, 573 F.3d 1037, 1047 (10th Cir. 2009). *See, e.g.*, *United States v. Carrero*, 635 F. Supp. 3d 1210, 1215 (D. Utah 2022); *United States v. Mann*, No. 22-cr-01322-JCH, 2023 WL 6930435, at *1 (D.N.M. Oct. 19, 2023); *United States v. Wallace*, No. 4:24-cr-00121-SEH, 2024 WL 4256707, at *2 (N.D. Okla. Sept. 20, 2024); *United States v. Watkins*, No. 24-cr-00058-SKC, 2024 WL 4381340, at *1 (D. Colo. Oct. 3, 2024); *United States v. Hawkins*, No. 6:23-cr-10041-EFM, 2024 WL 4751401, at *4 (D. Kan. Nov. 12, 2024); *United States v. Rodish*, No. 24-cr-00172-NYW, 2024 WL 4905716, at *1 (D. Colo. Nov. 27, 2024). In *McCane*, the United States Court of Appeals for the Tenth Circuit (the "Tenth Circuit") rejected the argument that § 922(g) violates the Second Amendment. *See* 573 F.3d at 1047. Specifically, the defendant in *McCane* argued that § 922(g)(1) was unconstitutional under the Supreme Court's decision in *District of Columbia v. Heller*, 554 U.S. 570 (2008). *See McCane*, 573 F.3d at 1047. The Tenth Circuit disagreed, noting that the Supreme Court had "explicitly stated in *Heller* that 'nothing in [*Heller*] should be taken to cast doubt on longstanding

2

prohibitions on the possession of firearms by felons.'" *Id.* (quoting *Heller*, 554 U.S. at 626).

Several years after *Heller*, in 2022, the Supreme Court decided *Bruen* and, in the process, created a two-part test for assessing the scope of the Second Amendment and the constitutionality of gun regulations. *See* 597 U.S. at 17. The Tenth Circuit again considered the constitutionality of § 922(g)(1) in a post-*Bruen* challenge brought in *Vincent v. Garland*, 80 F.4th 1197 (10th Cir. 2023), *cert. granted*, *judgment vacated*, 144 S. Ct. 2708 (2024). In *Vincent*, the Tenth Circuit noted that

> the [Supreme] Court didn't appear to question the constitutionality of longstanding prohibitions on possession of firearms by convicted felons. If anything, *Bruen* contains two potential signs of support for these prohibitions.
>
> First, six of the nine Justices pointed out that *Bruen* was not casting any doubt on this language in *Heller*.
>
> Second, *Bruen* apparently approved the constitutionality of regulations requiring criminal background checks before applicants could get gun permits. In *Bruen*, the Court struck down state regulations that had required the showing of a special need before someone could get a license to carry a gun. But the Court added that it wasn't questioning the constitutionality of "shall-issue" licensing regimes. These regimes don't require a showing of special need, but they do "often require applicants to undergo a background check" to ensure that the applicant is a "law-abiding, responsible citizen[]."
>
> . . .
>
> Given the six Justices' reaffirmation of the *Heller* language and the Court's apparent approval of "shall-issue" regimes and related background checks, we conclude that *Bruen* did not indisputably and pellucidly abrogate our precedential opinion in *McCane*.

80 F.4th at 1201–02 (footnote and citations omitted). In other words, in *Vincent*, the Tenth Circuit again upheld the constitutionality of § 922(g)(1) pursuant to *McCane*. *Id.* at 1202.

In 2024, after *Vincent* was decided, the Supreme Court decided *Rahimi*, which involved a constitutional challenge to § 922(g)(8)'s prohibition on possession of a firearm by a person subject to a domestic violence restraining order. *See Rahimi*, 602 U.S. at 684; *see also* 18 U.S.C. § 922(g)(8). In *Rahimi*, the Court applied the two-part test articulated in *Bruen* to determine § 922(g)(8)'s constitutionality. 602 U.S. at 692–700. The Supreme Court concluded "*only this*: An individual found by a court to pose a credible threat to the physical safety of another may be temporarily disarmed consistent with the Second Amendment." *Id.* at 702 (emphasis added). The *Rahimi* decision did not address § 922(g)(1) at all, except to reiterate that "prohibitions, like those on the possession of firearms by 'felons and the mentally ill,' are 'presumptively lawful.'" *Id.* at 699 (quoting *Heller*, 554 U.S. at 626, 627 n.26).

After *Rahimi*, the Supreme Court vacated the judgment in *Vincent* and remanded the case "for further consideration" in light of *Rahimi*. *See Vincent v. Garland*, 144 S. Ct. 2708–09 (2024).[1] *Vincent* is still pending before the Tenth Circuit. But a week after the Supreme Court's decision in *Rahimi*, the Tenth Circuit reiterated that *Bruen* did not abrogate *McCane*, *see United States v. Curry*, No. 23-1047, 2024 WL 3219693, at *4 (10th Cir. June 28, 2024), and in so doing, also stated that *Rahimi* similarly "does not 'indisputably and pellucidly abrogate' *Vincent* and *McCane* and thus does not alter" its

---

[1] "This remand, however, is not a final determination on the merits, an outright reversal, or a thinly veiled direction to this Court to alter its course." *Hawkins*, 2024 WL 4751401, at *3. "Rather, it simply indicates that 'intervening developments . . . reveal a reasonable probability that the decision below rests upon a premise that the lower court would reject if given the opportunity for further consideration, and where it appears that such a redetermination may determine the ultimate outcome of the matter.'" *Id.* (quoting *Wellons v. Hall*, 558 U.S. 220, 225 (2010) (alteration in original)).

4

decision that *McCane* remains good law and "requires [courts] to uphold the constitutionality of § 922(g)(1)," *id.* at *4 & n.7.

Mr. Kentris nevertheless argues that *McCane* does not foreclose his Second Amendment challenges because *Bruen* and *Rahimi* established a new test for analyzing Second Amendment and "this Court is bound to apply it." [Doc. 25 at 8]. But the Tenth Circuit has expressly stated that neither *Bruen* nor *Rahimi* expressly overruled or abrogated *McCane*. *See Curry*, 2024 WL 3219693, at *4 & n.7. "Without en banc consideration or clear Supreme Court directive, . . . *McCane* control[s]." *Id.* at *4. In other words, *McCane* "remains binding Tenth Circuit precedent, and this Court is obligated to follow that decision and deny [Defendant's] motion." *United States v. Nelson*, No. 4:24-cr-00276-SEH, 2024 WL 4635539, at *2 (N.D. Okla. Oct. 30, 2024); *see also Hawkins*, 2024 WL 4751401, at *4 (relying on the Tenth Circuit's decision in *Curry* and concluding that "*Rahimi* did not unequivocally overrule *McCane*, so *McCane* remains binding authority upon this Court").[2]

In sum, the Court is bound to follow Tenth Circuit precedent, including *McCane*. Defendant's Motion to Dismiss on Second Amendment grounds is respectfully **DENIED**.

---

[2] A number of Courts, even applying the *Bruen* framework, have upheld the constitutionality of § 922(g)(1). *See, e.g.*, *United States v. Sutton*, No. 4:24-cr-00168-SEH, 2024 WL 3932841, at *4–9 (N.D. Okla. Aug. 23, 2024); *United States v. Nunamaker*, No. 4:24-cr-00278-GKF, 2024 WL 4436333, at *4–8 (N.D. Okla. Oct. 7, 2024).

**CONCLUSION**

For the foregoing reasons, it is **ORDERED** that:

(1) The Motion to Dismiss the Indictment Under the Second Amendment [Doc. 25] is **DENIED**; and

(2) On or before **January 17, 2025**, the Parties shall meet and confer with respect to the requirements of the Speedy Trial Act and shall file a joint status report setting forth their position(s) as to the applicable Speedy Trial Act date, for purposes of resetting the trial in this matter.

DATED: January 13, 2025

BY THE COURT:

_____
Nina Y. Wang
United States District Judge